# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA TALLAHASSEE DIVISION

**ANDREW CORPUS,**

    Plaintiff,

vs.                          Case No. 4:16cv395-WS/CAS

**DR. LAMOUR,**

    Defendant.

_____/

## ORDER and REPORT AND RECOMMENDATION

This case was initiated by pro se Plaintiff Andrew Corpus on June 27, 2016.  Mr. Corpus filed a complaint against one Defendant, Dr. Lamour, a physician at the Florida Civil Commitment Center [F.C.C.C] in Arcadia, Florida.  ECF No. 1 at 5-6.  Although Mr. Corpus identifies himself as "a prisoner of the State of Florida in the custody of the Department of Children and Families," he also states that he is currently confined at F.C.C.C." *Id.* at 5.

For purposes of ruling on the in forma pauperis motion, ECF No. 2, Mr. Corpus is not a "prisoner" as defined by 28 U.S.C. § 1915(h) (defining

"prisoner" as "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program."). Judicial notice is taken that Mr. Corpus "is civilly detained pursuant to Florida's Involuntarily Civil Commitment of Sexually Violent Predator's Act," FLA. STAT. § 394.910, *et seq.* Corpus v. Hadi, No. 2:12cv-36-FTM-29DNF, 2012 WL 3536804, at *1 (M.D. Fla. Aug. 15, 2012). Persons so detained are not "prisoners" for in forma pauperis purposes, Evans v. Budz, No. 2:10-cv-423, 2010 WL 2921616, at *3 (M.D. Fla. July 23, 2010), because detention is for treatment rather than for punitive purposes. Troville v. Venz, 303 F.3d 1256, 1260 (11th Cir. 2002). The in forma pauperis motion, ECF No. 2, is granted and the Clerk of Court shall file the complaint without requiring payment of the filing fee.

Mr. Corpus has been at the F.C.C.C. since December 2005. ECF No. 1 at 9. His complaint challenges medical treatment provided by Dr. Lamour at the F.C.C.C. Both Mr. Corpus and Dr. Lamour are located in Arcadia, Florida. The events at issue in this case took place in Arcadia, Florida, which is in DeSoto County. Therefore, this case should be

transferred to the Middle District of Florida, Ft. Myers Division, pursuant to 28 U.S.C. § 1391(b) and 28 U.S.C. § 89(b).

A federal district court has the authority under 28 U.S.C. § 1406(a) to transfer a case to another district or division "in which it could have been brought." The Court may also raise the issue of defective venue *sua sponte*. Lipofsky v. New York State Workers Comp. Bd., 861 F.2d 1257, 1259 (11th Cir. 1988) (stating "a district court may raise on its own motion an issue of defective venue or lack of personal jurisdiction; but the court may not dismiss without first giving the parties an opportunity to present their views on the issue."). This case should be transferred, not dismissed.

Accordingly, it is

**ORDERED:**

1. The in forma pauperis motion, ECF No. 2, is **GRANTED**.

2. The Clerk shall file the complaint without requiring payment of the filing fee.

## RECOMMENDATION

In light of the foregoing, and pursuant to 28 U.S.C. §§ 1404(a) and 1406(a), it is respectfully **RECOMMENDED** that this case be transferred to the United States District Court for the Middle District of Florida, Ft. Myers Division, for all further proceedings.

**IN CHAMBERS** at Tallahassee, Florida, on July 11, 2016.

 S/    Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 14 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**